THOMPSON, J.
Without deeming it necessary to enter into any detailed or elaborate discussion of the question arising on this appeal, I purpose to leave in the record a very brief summary of the grounds of my *decision. If the solution of the question arising upon the construction of this will depended solely and exclusively upon the first disposing clause of the will in which the testator gave his wife the use of one-third of all his estate, real and personal, for life, but no longer, and <!at her death that the same, with its increase, be equally divided among my children that I now have or may hereafter have, and the children of such of them as may die leaving children, giving to my grandchildren the portion intended for their deceased mother or father,” the arguments of the appellant’s counsel, sustained by the modern English adjudications, would have been very persuasive, if not convincing and conclusive; but other clauses of the will render them inapposite, and bring this case within the influence of the Virginia cases of Hansford v. Elliott, 9 Leigh, 79, and Martin v. Kirby, 11 Grat. 76, and make these authorities decisive of this. Indeed, upon the whole will taken together, this is a much stronger case in favor of the vesting of the remainder in those living at the death of the testator, and not referring it to a more distant period,' such as the expiration of a previous particular estate, than Hansford v. Ellicott and Martin v. Kirby. In this case, it is doubtful, to say the least, taking into view the whole scope and peculiar provisions of this will, whether the renunciation by the widow and taking her legal thirds did not wholly supersede the whole bequest to her for life, and instead of the remainder limited on and after that bequest, substitute them to a different, though in value an equivalent estate, to wit, a legal reversion depending upon the widow’s legal estate for life by the residuary clause. I suppose there cannot be a doubt, if the widow, instead of the alternative accorded to her by the law, had elected that given her by the will, it would have had the effect of superseding the bequest for life, and virtually striking it out of the will. There would then have been no previous particular estate, upon the expiration of *which the vesting would depend, and until the expiration of which it would be suspended or postponed, to bring the case within the influence of the recent English adjudications relied on for the appellants. If the appellants must claim as reversioners under the residuary clause, I do not think it a debateable question that it gave to all the children who survived the testator a vested interest in that reversion.
But even suppose the effect of the widow’s renunciation was not to destroy or supersede the remainder given by the first clause, as in many cases it doubtless would not, and as was decided in Mitchell v. Johnson, 6 Leigh, 471, 2, 4, (a bequest very different from this,) it did not, yet, upon the question of intention, which, after all, must govern in the construction of wills, it is very apparent, from the whole will, and especially the residuary clause, that the testator intended to give whatever he did give by ?ny clause of the will to the children who survived him, and to the children of those who predeceased him leaving children. Regarding, then, the residuary bequest in the light only of an interpretative clause, and in that light it must be regarded, if no other, because so in express terms, it is decisive of the question. By it he says, “It is my will and desire, that all my estate, both real and personal,” (doubtless contemplating that the widow might either renounce and claim her legal thirds, or elect the alternative given her by the will, take the 110,000,) “be equally divided among all my children not herein named, and such children as I may hereafter have, and the children of such of them as may die leaving children, meaning and intending that in all the clauses of this will all the children that I now have, or may hereafter have, share equally, except the named child, Mary W. Epes, or if married Mary W. Todd, to whom I bequeath no part of my estate at all, and only wish for her to have her right in the legacy from her grandmother as aforesaid, but not an atom of my estate at this or any other period whatsoever. ’ ’ Other ^clauses in the will might be cited in favor of the testator’s intention to vest the estate given by the will at the period most generally contemplated by testators, their own death. But I forbear to pursue the discussion further. I have said enough to accomplish what I intended at the outset, very briefly to state the grounds of my opinion, which is, that there is no error in the decree of the court below, and that it ought to be affirmed in all things.
The other judges concurred.
Decree affirmed.